**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0537-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

D.C.N.,[1]

    Defendant-Appellant.

_____

Submitted January 22, 2025 – Decided February 27, 2025

Before Judges Gilson, Firko, and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-01-0222.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

---

[1] Consistent with our opinion on defendant's direct appeal, we use initials to protect the privacy interests of the victims in defendant's other appeals. See R. 1:38-3(c)(12).

PER CURIAM

Defendant appeals from an August 30, 2023 order denying his petition for post-conviction relief (PCR). He contends that his trial counsel, sentencing counsel, and appellate counsel were ineffective, and that he was entitled to an evidentiary hearing. We reject those arguments substantially for the reasons explained by Judge John I. Gizzo in his comprehensive fifteen-page written opinion. Accordingly, we affirm.

I.

In the early morning hours of November 7, 2014, defendant was seen pointing a gun at another man, who also pulled out a gun and pointed it at defendant. Thereafter, defendant was indicted for two crimes: second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

At trial, the State presented testimony from several police officers. Irvington Police Officer Alex Dorleant testified that on November 7, 2014, he was driving home after completing his shift, which ended at approximately 2:00 a.m. Dorleant explained that as he was driving, he saw two men standing by the side of the street and saw one man, later identified as defendant, draw a gun and point it at the other man. The other man also pulled out a gun and pointed it at

defendant. Dorleant then observed a woman get between the two men and the two men separated. Dorleant called 9-1-1 to report what he had seen and followed defendant, who was walking away.

Several other police officers responded to the scene, including Officer Brandis Puryear and Officer Darryl Ewell. Puryear stopped to speak with defendant and Dorleant informed her that defendant had a gun. Puryear then patted defendant down and recovered a handgun. Defendant was arrested and later questioned, but the recording of that interrogation was corrupted and could not be retrieved.

Defendant testified at trial and claimed that he had gone to a wireless store that had a room in the back where parties were held. At that location, he planned to meet two friends, including a woman, S.H.[2] According to defendant, while he was at the party, he ran into a man who he identified as "Hennessey." Defendant claimed that Hennessey had previously tried to recruit him into a gang and that at the party, Hennessey again approached him and asked him if he would join a gang. When defendant declined, Hennessey pulled out a handgun, pointed it at defendant, and clicked the trigger twice, but the gun did not go off. Defendant then knocked the gun out of Hennessey's hand, took the gun, and left.

---

[2] We use initials for witnesses to protect their confidentiality interests.

A-0537-23

Defendant went on to testify that as he was walking on the street, he saw a man come towards him and he ran away. He also stated he intended to report the incident to the police.

After hearing all the testimony, a jury convicted defendant of both charges. On the conviction for unlawful possession of a handgun, defendant was sentenced to seven years in prison with forty-two months of parole ineligibility. On the conviction for possession of a weapon for an unlawful purpose, defendant was sentenced to a concurrent term of seven years in prison with forty-two months of parole ineligibility.

Defendant filed a direct appeal challenging both his convictions and the sentence. We rejected those arguments and affirmed defendant's convictions and sentence. State v. D.C.N., No. A-2737-18 (App. Div. Dec. 1, 2021). The Supreme Court denied defendant's petition for certification. State v. D.C.N., 251 N.J. 359 (2022).

Thereafter, defendant, representing himself, filed a PCR petition. He was assigned PCR counsel, who assisted defendant in filing a supplemental petition and brief. Judge Gizzo, who presided over defendant's criminal trial, heard oral argument on defendant's PCR petition. On August 30, 2023, Judge Gizzo entered an order denying the petition and issued a written opinion explaining the

4

reasons for the denial. Defendant now appeals from the order denying his petition.

## II.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) he or she establishes "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." Porter, 216 N.J. at 354 (alteration in original). In making that showing, a defendant must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10(b). Thus, to obtain an evidentiary hearing on a PCR petition based on claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

### III.

On this appeal, defendant makes five arguments, contending that his trial counsel was ineffective, his sentencing counsel was ineffective, and his

6

appellate counsel was ineffective. Defendant articulates those arguments as follows:

Point I - Trial Counsel was Ineffective for Failing to call [S.H.] a Key and Available Witness Who Could Have Corroborated Petitioner's Version of the Events; The PCR Court Should Have Held an Evidentiary Hearing Instead of Summarily Finding Without Any Factual Basis That The Decision Not to Call this Critical Eyewitness Was Strategic.

Point II - Trial Counsel was Ineffective by Failing to Argue That the Failure of the Police to Preserve the Potentially Exculpatory Video From . . . Springfield Avenue Was a Brady Violation, or, Alternatively, for Not Requesting a Spoilation or Adverse Inference Charge.

A. Counsel Was Ineffective for Failing to Pursue Remedies for the State's Failure to Preserve a Potentially Exculpatory Video Depicting the Events in Dispute.

B. Trial Counsel Was Ineffective for Failing to Request a Spoilation or Adverse Inference Charge Regarding the State's Failure to Preserve Potentially Exculpatory Video Evidence of the Disputed Events.

Point III - The Petitioner Received Ineffective Assistance of Counsel When the Trial Attorney Failed to Request an English Language Proficiency Evaluation of the Petitioner Prior to Trial, to Request an Interpreter at Trial, or to Request a Mistrial Once the Court Provided an Interpreter Mid-trial.

7

Point IV - The Petitioner Received Ineffective Assistance of Counsel When the Trial Attorney Failed to Argue Mitigating Factors at Sentencing.

Point V - The Petitioner Received Ineffective Assistance of Counsel When the Appellate Attorney Failed to Appeal the Court's Mid-trial Assignment of an Interpreter to Assist the Petitioner.

Defendant made all those arguments to Judge Gizzo. Having conducted a de novo review, we agree with Judge Gizzo's analysis and rejection of all defendant's arguments. In short, defendant did not establish that his trial counsel was ineffective, that his sentencing counsel was ineffective, or that his first appellate counsel was ineffective. Moreover, defendant did not establish any prejudice under prong two of the Strickland test. In that regard, we add two brief comments.

Defendant contends that his trial counsel was ineffective in failing to call S.H. as a witness. On this appeal, he criticizes Judge Gizzo and argues that the judge speculated in finding that S.H. would not have corroborated defendant's version of events. Defendant, however, failed to supply a certification from S.H. regarding what she would have testified to had she been called at trial. So, defendant is the one speculating because he has made no showing that S.H. would have corroborated his testimony at trial. Defendant's unsupported statement in his petition claiming that S.H.'s testimony would have corroborated

8

his testimony is not evidence; rather, it is a bald assertion.  Bald assertions do not entitle a petitioner to relief.  See State v. Jones, 219 N.J. 298, 311-12 (2014) (pointing out that bald assertions do not entitle a petitioner to an evidentiary hearing); State v. Young, 474 N.J. Super. 507, 516 (App. Div. 2023) (explaining that "[b]ald assertions are insufficient to establish a prima facie case of ineffective assistance of counsel").

Second, in arguing that his trial counsel was ineffective in failing to make a Brady[3] motion concerning video footage from a surveillance camera, defendant again speculates.  The record is clear that police never obtained the video footage.  Thus, as Judge Gizzo correctly ruled, there was no Brady violation.  See State v. Kane, 449 N.J. Super. 119, 133 (App. Div. 2017) (holding that the obligation under Brady does not extend to documents "in a private third-party's possession").  Defendant speculates that the video footage may have corroborated his version of the events.  Because it is not clear what the video would have shown or even if it captured the events, defendant's arguments are pure speculation and do not support a finding of prejudice under prong two of the Strickland test.  See Porter, 216 N.J. at 355 (ruling that a defendant is not entitled to an evidentiary hearing where allegations of ineffective assistance of

---

[3]  Brady v. Maryland, 373 U.S. 83 (1963).

counsel are "'too vague, conclusory, or speculative'" and not supported by "specific facts and evidence" (quoting <u>Marshall</u>, 148 N.J. at 158)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION